IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LUKE WUERTEMBERGER
268 Park Drive
Dayton, Ohio 45410

    Plaintiff,

vs.

ZIMMER, INC., a Delaware corporation dba
ZIMMER BIOMET
345 East Main Street
Warsaw, Indiana 46580

ZIMMER US, Inc., a Delaware corporation
dba ZIMMER BIOMET
c/o Corporation Service Company
Statutory Agent
3366 Riverside Drive, Suite 103
Upper Arlington, Ohio 43221

BIOMET, Inc., an Indiana corporation dba
ZIMMER BIOMET
345 E. Main Street
Warsaw, Indiana 46580

    Defendants.

Case No.: 3:23-CV-47

Judge

**COMPLAINT WITH JURY DEMAND**

---

Now comes Plaintiff by his counsel, and for his Complaint against Defendants avers and alleges as follows:

### I.    PARTIES, JURISDICTION & VENUE

1. This is an action for overtime pay under 29 U.S.C. §207(a)(1) and Ohio Revised Code Section 4111.03.

2. Plaintiff Luke Wuertemberger is a resident of Montgomery County Ohio by virtue of his residence located at 268 Park Drive, Dayton Ohio 45410. At all times relevant and material hereto, Plaintiff was employed by Defendants.

3. Defendant Zimmer, Inc. ("Zimmer") is a Delaware corporation doing business as Zimmer Biomet. Zimmer regularly conducts business in the Southern District of Ohio and at all times relevant in this matter was an employer as such term is defined in the statutes listed herein.

4. Defendant Zimmer US, Inc. ("Zimmer US") is a Delaware corporation doing business as Zimmer Biomet. Zimmer US regularly conducts business in the Southern District of Ohio and at all times relevant in this matter was an employer as such term is defined in the statutes listed herein.

5. Defendant Biomet, Inc. ("Biomet") is an Indiana corporation doing business as Zimmer Biomet. Biomet regularly conducts business in Southern District of Ohio and at all times relevant in this matter was an employer as such term is defined in the statutes listed herein.

6. Venue in this Court is proper as Defendants conduct business in the Southern District of Ohio.

7. This Court has subject matter jurisdiction over claims for unpaid overtime.

## II. FACTUAL BACKGROUND

8. Plaintiff restates the previous allegations of paragraphs 1-7 herein.

9. Plaintiff began his employment with Defendants on September 16, 2019. Plaintiff was initially employed as a Field Service Engineer and was promoted to Field Service Senior Engineer II in January 2021 and was promoted again in June 2021. Plaintiff resigned his employment on October 15, 2021.

10. Plaintiff worked remotely for Defendants from his home office in Dayton Ohio and would travel to various hospitals and surgical centers in Dayton, Cincinnati, and other states to install and service robotic surgical systems ("systems"), including performing preventative and corrective maintenance. Plaintiff carried a tool box weighing approximately 75 pounds which he transported to the job site.

11. At all material and relevant times, Defendants misclassified Plaintiff as exempt and failed to pay Plaintiff for overtime.

12. Defendants required Plaintiff to track his time and turn in time sheets.

13. Plaintiff typically worked 40-60 hours per week.

14. Defendants did not pay Plaintiff for hours worked in excess of 40 in a work week, including overtime premiums. Defendants are aware of United States Department of Labor Fact Sheets stating that Field Service Engineers were exempt from overtime and still refused to pay Plaintiff overtime.

15. Defendants did not provide Plaintiff with accurate wage statements, in respect to all hours worked, overtime earned, and/or gross wages.

16. As a result of Defendant's actions and omissions, Plaintiff has been damaged in an amount to be proven at trial.

### III. CAUSES OF ACTION
### OVERTIME
(29 U.S.C.§207(a)(1))

17. Plaintiff restates the previous allegations of paragraphs 1-16 herein.

18. The FLSA requires that employees receive overtime compensation for hours worked in excess of 40 per week. 29 U.S.C. §207(a)(1).

19. From September 2019 to October 2021, Plaintiff worked in a non-exempt position was therefore not exempt from receiving overtime payments.

20. From September 2019 to October 2021, Plaintiff was not issued any payments for hours worked over 40 in a work week for Defendant.

21. Defendants were aware that Plaintiff was working significantly more than 40 hours per work week, but was not receiving proper overtime compensation for hours worked in excess of 40 per week.

22. Defendants knew or should have known that they were required to provide Plaintiff with premium payments for hours worked over 40 per work week. Defendants failure to pay overtime was willful and intentional.

23. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make precise calculations are in possession of Defendants.

24. As a direct and proximate result of Defendants conduct, Plaintiff has suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorney fees and all other remedies available under the FLSA.

### B. FAILURE TO PAY OVERTIME
Ohio Revised Code Section 4111.03

25. Plaintiff restates the allegations of paragraphs 1-24 as if fully rewritten herein.

26. Plaintiff routinely worked in excess of forty hours per week for Defendants.

27. Plaintiff was a non-exempt employee.

28. Defendants failed to pay Plaintiff for overtime at a wage rate of one and one-half times his wage rate for hours worked in excess of forty hours in any one work week as mandated by Section 4111.03 Ohio Revised Code.

29. The exact total amount of compensation, including overtime compensation, that Defendant have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make precise calculations are in possession of Defendants.

30. Defendants failure to pay overtime was willful and intentional.

31. As a direct and proximate result of Defendants conduct, Plaintiff has suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorney fees and all other remedies available under Section 4113 of the Ohio Revised Code.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff is entitled to and prays for the following relief against all Defendants jointly and severally:

   A. An award to Plaintiff for unpaid compensation, including overtime wages as to be determined at trial together with liquidated damages allowed by the FLSA;

   B. An award to Plaintiff for unpaid compensation, including overtime wages as to be determined at trial together with liquidated damages allowed by Ohio law;

   C. An award of reasonable attorney fees;

   D. Pre and post judgment interest; and

   E. Any and all other relief as this Court deems just and equitable.

5

Respectfully submitted,

DUWEL LAW

/s/ David M. Duwel
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH: (937) 297-1154
FAX: (937) 297-1152

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

/s/ David M. Duwel
Attorney at Law

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues claimed and pleaded.

/s/ David M. Duwel
David M. Duwel